**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THURMOND ALLEN JR.,** | : | |
| **Plaintiff** | : | **CIV. ACTION NO. 3:25-CV-1136** |
| **v.** | : | **(JUDGE MANNION)** |
| **M. HEENAN, *et al.*,** | : | |
| **Defendants** | : | |

# MEMORANDUM

Presently before the court in this prisoner civil rights case is a motion for summary judgment filed by the defendants. For the reasons that follow, the motion will be granted, and this case will be closed.

## I. PROCEDURAL HISTORY

Plaintiff, Thurmond Allen Jr., filed this case on June 15, 2025, and the court received and docketed her[1] complaint on June 23, 2025. (Doc. 1). The complaint alleges generally that defendants, prison officials at Mahanoy State Correctional Institution ("SCI-Mahanoy"), violated Allen's civil rights in

[1] In an earlier case filed by plaintiff, the court referred to plaintiff by the masculine pronouns "he" and "him," which was in accordance with plaintiff's pronoun usage in that case. *See Allen v. Wellpath LLC*, No. 1:24-CV-1536, Docs. 37-38 (M.D. Pa. Aug. 20, 2025). The court now refers to plaintiff by the feminine pronouns "she" and "her" because plaintiff states in the complaint in this case that she identifies as a transgender woman and uses feminine pronouns.

various ways after she complained about excessive noise in the prison. (Doc. 1). On September 2, 2025, the court dismissed the complaint with prejudice except to the extent that it asserted Eighth Amendment deliberate indifference and First Amendment retaliation claims against defendants Heeman, Pleiss, and Smith. (Docs. 15-16). Defendants[2] answered the complaint on November 3, 2025. (Doc. 29).

On February 3, 2026, the court issued an order that, *inter alia*, imposed a discovery deadline of May 31, 2026, and a dispositive motions deadline of July 31, 2026. (Doc. 34). Defendants timely moved for summary judgment on July 31, 2026, and filed a brief in support of the motion and a statement of material facts on August 14, 2026. (Docs. 40, 44-45). Allen opposed the motion on August 17, 2026, but did not file a statement of material facts in response to defendants' statement. (Doc. 46). Defendants filed a reply brief in support of the motion on August 25, 2026, making it ripe for the court's review. (Doc. 48).

## II. Standard of Review

Summary judgment is appropriate "if the pleadings, the discovery [including depositions, answers to interrogatories, and admissions on file]

[2] Because all other defendants have been dismissed, the court will refer to Heenan, Pleiss, and Smith as "defendants" throughout the remainder of this opinion.

and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 254 (1986); *Aetna Cas. & Sur. Co. v. Ericksen*, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323-24. The moving party can discharge that burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could

find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003); *see also Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23; *Jakimas v. Hoffman-La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

## III. Material Facts[3]

Exhaustion of administrative remedies in the DOC is governed by the three-step process outlined in the DOC's grievance policy, DC-ADM 804. (*See* DC-ADM 804, Doc. 44-6). Under DC-ADM 804, a prisoner must first submit a grievance within fifteen working days from the date of the incident. *Id.* §1(A)(8). DC-ADM 804 provides that the grievance must include "a statement of the facts relevant to the claim," "identify individuals directly involved in the events," and "specifically state any claims [the inmate] wishes to make." *Id.* §1(A)(11). If the inmate is unable to comply with the fifteen-day deadline, she may request an extension of time to file a grievance. *Id.* §1(C)(2). Next, the prisoner must submit a written appeal to an intermediate review level within fifteen working days. *Id.* §2(A)(1)(a). Finally, the inmate

[3] Local Rule 56.1 requires a motion for summary judgment to "be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried" and requires that the party opposing a motion for summary judgment file a statement responding to the numbered paragraphs in the movant's statement of material facts, which "shall include references to the parts of the record" that support the nonmovant's opposition to the motion. M.D. Pa. L.R. 56.1. If a non-moving party fails to respond as required by Local Rule 56.1, the facts asserted in the moving party's statement are "deemed to be admitted." *Id.* In this case, defendants filed a statement of material facts as required by Local Rule 56.1, (Doc. 44), but Allen has not responded to the statement. The facts included in defendants' statement are accordingly deemed admitted for the purpose of resolving the motion for summary judgment. M.D. Pa. L.R. 56.1.

must submit an appeal to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA") within fifteen working days. *Id.* §2(B)(1)(b).

Allen's remaining claims assert that defendants were deliberately indifferent to a risk of harm to her in violation of the Eighth Amendment and retaliated against her in violation of the First Amendment when they made comments that made other inmates believe she was a snitch in 2023. (*See* Doc. 15 at 11-12). Allen filed three grievances that are relevant to these claims: grievance numbers 1042541, 1044740, and 1046127 (Doc. 44 ¶2).

In grievance number 1042541, Allen noted that she had complained to a prison counselor and a PREA coordinator[4] about the two inmates in the cell above her "deliberately pounding the floor [and] walls," "playing drums on the sink and toilet," and "flushing the toilet and laughing about it at all hours of the night." (Doc. 44-2 at 8). The grievance stated that both officials had referred her to defendant Heenan and that Heenan "wrote to [Allen] stating she would investigate the matter and did nothing." (*Id.*) The grievance noted that subsequent communications to Heenan and other officials had not resulted in any action to solve the problem. (*Id.*) Nothing in the grievance

[4] The court takes judicial notice that the PREA coordinator is responsible for ensuring the prison's compliance with the Prison Rape Elimination Act ("PREA").

indicated that Heenan or any other officials had labeled Allen a snitch or placed her in danger of assault by other inmates in any other manner. (*Id.*)

Grievance number 1042541 was denied by an initial review response on July 17, 2023. (*Id.* at 6). Allen appealed on July 30, 2023, arguing, *inter alia*, that Heenan "in retaliation addressed my request slips and this grievance on the block in front of all the inmates getting me labeled as a 'rat snitch.'" (*Id.* at 5). The facility manager denied the appeal on August 21, 2023. (*Id.* at 4). Allen then filed an appeal to SOIGA, but her appeal again only alleged a lack of response to her noise complaints by prison staff and did not allege that Heenan or any other officials had labeled her a snitch or otherwise put her in danger of assault by other inmates. (*Id.* at 3). SOIGA upheld the denial of the grievance on October 26, 2023. (*Id.* at 1-2).

In grievance number 1044740, Allen again complained about the noises that had motivated her previous grievance and also complained about Heenan's response to the initial grievance, noting that Heenan had addressed her complaints within the hearing of other inmates, and that this placed her in danger of being labeled a "rat" or a "snitch." (Doc. 44-3 at 2-3). The prison rejected the grievance on July 28, 2023, because it improperly grieved multiple issues in the same grievance. (*Id.* at 4). Rather than refiling her grievance in a manner that complied with the prison's procedural rules,

Allen filed an appeal to the facility manager. (*Id.* at 5). The facility manager upheld the rejection on August 14, 2023. (*Id.* at 6). Allen again appealed rather than resubmitting the initial grievance to correct the procedural deficiencies. (*Id.* at 7). SOIGA upheld the procedural rejection on November 7, 2023, and therefore did not consider the merits of the grievance. (*Id.* at 1).

In grievance number 1046127, filed on August 3, 2023, Allen complained that Heenan handled her grievances about noises within earshot of other inmates in a manner that placed her in danger of being labeled a rat. (Doc. 44-4 at 4). The grievance was denied by an initial review response on September 7, 2023. (*Id.* at 3). Allen appealed to the facility manager, who upheld the denial on September 25, 2023. (*Id.* at 1-2). Allen then appealed to SOIGA, but because the copy of the initial grievance that Allen submitted to SOIGA was illegible, (*see* Doc. 44 ¶54; Doc. 44-5 at 2), SOIGA rejected the appeal for failure to provide proper supporting documentation. (Doc. 44-5 at 1). SOIGA therefore did not resolve the appeal on its merits. (*See id.*)

## IV. Discussion

Defendants argue they are entitled to summary judgment because Allen failed to exhaust administrative remedies and because there is no evidence in the record to support her claims. (Doc. 45). Plaintiff's sole argument in opposition is that more discovery is necessary before the court

can rule on the motion. (Doc. 46). The court will first address plaintiff's request for additional discovery before turning to defendants' arguments.

**A. Discovery**

When a party opposing a motion for summary judgment shows that it "cannot present facts essential to justify its opposition," the court may allow the parties additional time for discovery. Fed. R. Civ. P. 56(d). To properly request additional discovery for purposes of opposing summary judgment, "a party must indicate to the district court its need for discovery, what material facts it hopes to uncover and why it has not previously discovered the information." *Radich v. Goode*, 886 F.2d 1391, 1393-94 (3d Cir. 1989).[5]

Allen plainly fails to make a sufficient showing to obtain additional discovery. She argues that Federal Rule of Civil Procedure 56(d) "has been violated" because "discovery is not closed, nor completed, nor started." (Doc. 46 at 1). She argues that there are "missing facts" and that the "current facts are indeed disputed and favor plaintiff's version." (*Id.*) Finally, she states that defendants have not filed a statement of material facts as required by Local Rule 56(d). (*Id.*)

---

[5] *Radich* is based on Federal Rule of Civil Procedure 56(f), which was moved in the 2010 amendments to Rule 56 to subsection 56(d) "without substantial change." *See* Fed. R. Civ. P. 56(d) advisory committee's note to 2010 amendment. Cases interpreting the former Rule 56(f) therefore remain good law for cases interpreting the present Rule 56(d).

To the extent that Allen bases her argument on the failure to file a statement of material facts, she is mistaken. The court granted defendants an extension of time and accepted defendants' statement of material facts as timely filed on August 14, 2026. (Docs. 44, 47). Allen is also mistaken to the extent she argues that discovery "is not closed, nor completed, nor started." (Doc. 46 at 1). This court clearly stated in its February 3, 2026 order that "all fact discovery shall be completed by May 31, 2026." (Doc. 34 at 4). Finally, plaintiff has not explained her request for additional discovery beyond the conclusory statement that there are "missing facts." (Doc. 46 at 1). Plaintiff has not explained what these "missing facts" are, how they would be relevant to this case, or why she failed to request or obtain the information prior to the discovery deadline. Accordingly, because Allen has plainly failed to show that additional discovery is necessary, the court will deny her request for additional discovery.

## B. Exhaustion

Under the Prison Litigation Reform Act ("PLRA"), prisoners complaining about the conditions of their confinement must exhaust available administrative remedies before they may file suit in federal court. 42 U.S.C. §1997e(a). The PLRA requires proper exhaustion, meaning plaintiffs must administratively grieve their claims in accordance with the

procedural rules of the prison in which they are incarcerated. *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 305 (3d Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Failure to exhaust administrative remedies is an affirmative defense that defendants must plead and prove; it is not a pleading requirement for plaintiffs. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

A prisoner is only required to exhaust administrative remedies that are "available." *Rinaldi v. United States*, 904 F.3d 257, 268 (2018) (citing *Woodford*, 548 U.S. at 93). An administrative remedy is unavailable, and administrative exhaustion is thus excused, in three situations: "(1) when 'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates'; (2) when it is 'so opaque that it becomes, practically speaking, incapable of use,' such as when no ordinary prisoner can discern or navigate it; or (3) when 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id.* at 266-67 (quoting *Ross v. Blake*, 578 U.S. 632, 643-44 (2016)). If defendants establish failure to exhaust administrative remedies, the burden shifts to the plaintiff to show that the administrative remedy process was unavailable. *Id.* at 268.

The record of this case shows that Allen failed to exhaust administrative remedies. In grievance number 1042541, she failed to include

any facts relevant to her deliberate indifference or retaliation claims in her initial grievance or her final appeal to SOIGA. (*See* Doc. 44-2 at 3, 8). Although she included facts relevant to the claim in her initial appeal to the facility manager, (*see id.* at 5), a single isolated mention of the facts at the intermediate stage of the administrative remedy process is not sufficient to show that the prison decided the merits of the claims. The other two grievances, numbers 1044740 and 1046127, were rejected on procedural grounds and therefore were not addressed on their merits by SOIGA. (*See* Docs. 44-3, 44-4, 44-5). Allen has also failed to provide any contrary evidence showing that she exhausted administrative remedies or that the grievance process was unavailable to her. Thus, summary judgment is warranted for her failure to exhaust administrative remedies.

**C. Merits**

Finally, even if Allen had exhausted administrative remedies, summary judgment would also be warranted because her claims fail on their merits. To succeed on her deliberate indifference claim, Allen must prove that there was an objectively serious risk to her health or safety and that the defendants were deliberately indifferent to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To succeed on her retaliation claim, Allen must prove that (1) she engaged in constitutionally protected conduct; (2) the defendants took

retaliatory action against her that was sufficient to deter a person of ordinary firmness from exercising her constitutional rights; and (3) there was a causal connection between the protected conduct and the retaliatory action. *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). Here, the defendants assert that there is no evidence in the record to support these claims, and Allen has not produced a single piece of evidence to refute that argument. Given the complete absence of record evidence to support Allen's claims, summary judgment in favor of the defendants is plainly appropriate. *See Celotex*, 477 U.S. at 322-23.

## V. CONCLUSION

For the foregoing reasons, the court will grant defendants' motion for summary judgment and close this case. An appropriate order shall issue.

**Malachy E. Mannion**
**United States District Judge**

**Dated:** 11/4/26
25-1136-02